**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Thomas W. Curtis, | Case No. 2:20-cv-02094-KJD-BNW |
| Plaintiff, | |
| v. | **ORDER & REPORT AND RECOMMENDATION** |
| Tahiti, et al., | |
| Defendants. | |

Presently before the court is pro se plaintiff Thomas Curtis's application to proceed *in forma pauperis* (IFP) (ECF No. 1), filed on November 12, 2020. Plaintiff has not submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. As discussed below, given that this court will recommend the dismissal of this action, it will deny the request to proceed IFP as moot.

Upon granting a request to proceed IFP, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

---

[1] The Court finds it more efficient not to request the proper filing of the IFP application as the court's screening, whether now or upon the proper submission of an IFP application, would ultimately result in the same recommendation.

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Here, Mr. Curtis filed a 47-page complaint, which starts out by alleging that Defendant Tahiti Hotel has been contaminating its customers by "infecting them with nuclear bug phages and cosmic energy that flows through or from" the hotel. These same allegations apply to Defendants Wyndham Properties, Palace Station Casino, and Oasis Apartments. As to Defendant Walmart, he alleges that it uses and sells products "that are contaminated from space particles" and that their employees are "infected with atmospheric bugs." As to Defendant KTNV-TV, plaintiff alleges that it has "exploited U.S. citizens [and] others from around the world" through the use of "bio nuclear human mutated bugloid phages," which have infected and contaminated families and children. Lastly, he alleges that Defendant Shelter Island Apartments is "releasing radiation, poison, contamination" and that he has "undergone 500 implants."

According to the complaint, these allegations violate either "the Montreal Protocol and the Greatest U.N. Treatise," or unspecified statutes dealing with terrorism, kidnapping, etc. He seeks several amounts of damages, ranging from $750 million to $750 billion, as well as "pain and suffering damages."

Even liberally construing Mr. Curtis' complaint, the court finds that his factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Given that Ms. Curtis' complaint does not set forth a plausible claim, it is recommended that the complaint be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

1 **IT IS THEREFORE ORDERED** that Plaintiff Thomas Curtis' application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

**IT IS RECOMMENDED** that Plaintiff Thomas Curtis' Complaint (ECF No. 1-1) be DISMISSED with prejudice (as it is frivolous) and the accompanying motion for summonses (ECF Nos. 1-2) be denied as moot.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 20, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE